UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LANCE JONES

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY

CIVIL ACTION

NUMBER 13-404-JJB-SCR


**<ins>NOTICE</ins>**

Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 4, 2015.


STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LANCE JONES

                                    CIVIL ACTION

VERSUS

                                    NUMBER 13-404-JJB-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL
SECURITY


### MAGISTRATE JUDGE'S REPORT

Plaintiff Lance Jones brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security ("Commissioner") that denied his claim for disability insurance benefits.

Based on the standard of judicial review under § 405(g), a careful review of the entire administrative record as a whole, and the analysis that follows, the Commissioner's decision should be affirmed.


### Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Perez v.*

*Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th

Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Thus, on judicial review the Commissioner's decision is granted great deference, and the decision will not be disturbed unless the court cannot find substantial evidence in the record to support it, or the court finds an error of law was made. *Leggett v. Chater,* 67 f.3d 558, 564 (5th Cir. 1995).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

At step three, listed impairments are descriptions of various physical and mental illnesses and abnormalities generally

characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525. If the ALJ determines that the claimant's impairments meet or medically equal the criteria of one of the listed impairments, the claimant is presumed to be disabled and qualifies for benefits without further inquiry. *Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir. 2000).

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## Background and Claims of Error

Plaintiff was 26 years old at the time of the administrative law judge's ("ALJ") decision.[1]  Plaintiff graduated from high school, and his past relevant work consisted of employment in product sales and as a store manager of a convenience store/gas station, and an assistant manager of a fast food restaurant.  AR pp. 51-59, 170-71.  At the time of the administrative hearing the plaintiff was attending Baton Rouge Community College on a full-time basis.  Plaintiff stated that he was enrolled in paralegal studies, which is a two year degree program. Plaintiff also testified that he attended the first semester part-time, completed nine hours, and earned all A's in his courses.  Plaintiff stated that when he later attended full-time he was had more trouble focusing and completing his work.  Although he did not have all A's, he was not failing any classes.  AR pp. 49-51.  In his application for disability benefits, the plaintiff alleged that he became disabled and no longer able to work as of January 21, 2011 because of severe anxiety disorder, depression and low back injury. AR pp. 149, 169.

After his application was denied at the initial stages the plaintiff requested an ALJ hearing.  The hearing was held and after it the ALJ issued an unfavorable decision.  AR pp. 23-87.  The ALJ

---

[1] Plaintiff's age placed him in the category of a "younger person." 20 C.F.R. § 404.1563(c).

found at the second step that the plaintiff had the following severe impairments - generalized anxiety disorder, obesity, and hypertension. AR p. 25. At the third step the ALJ concluded that the plaintiff's combination of severe impairments did not meet or medically equal the severity of any listed impairment. The ALJ considered the plaintiff's argument that the paragraph A criteria of Listings 12.03 (Schizophrenia, Paranoid and Other Psychotic Disorders), 12.06 (Anxiety Related Disorders) and 12.07 (Somatoform Disorders) were met, but found his argument was unsupported with regard to Listings 12.03 and 12.07. Although the ALJ found the paragraph A criteria for Listing 12.06 were met, she determined that the evidence did not show the plaintiff had the level of limitations needed to satisfy the paragraph B criteria for this listed impairment.[2] AR pp. 26-28.

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite his severe impairments, the plaintiff was able to do any of his past relevant work or other work in the national economy.[3] The ALJ found the plaintiff had the RFC to perform medium work as defined in the

---

[2] These divisions of the listings are also sometimes referred to as the "Part A" and "Part B" criteria, or simply as the "A criteria" and the "B criteria." This report uses the ALJ's terminology.

[3] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis. It is the foundation of the findings at steps four and five. 20 C.F.R. § 404.1545.

regulations,[4] except that the plaintiff was limited to unskilled work that is routine with few changes in the work process and does not involve production quotas or time limits. AR p. 28.

Given this RFC and based on the testimony of the vocational expert, the ALJ concluded that the plaintiff would not be able to perform any of his past relevant work. However, based on the plaintiff's age, education, work experience and RFC, the ALJ again relied on the expert's testimony and found that the plaintiff would be able to make a successful adjustment to other work that existed in significant numbers in the national economy - price marker and laundry worker. Therefore, the ALJ concluded at the fifth step that the plaintiff is not disabled.[5] AR pp. 32-34, 74-82.

In his appeal memorandum the plaintiff argued that the following errors require reversal and remand under sentence four of § 405(g): (1) the ALJ failed to apply the correct legal standard at step three in determining whether his impairments met or equaled Listing 12.03, 12.06 or 12.07; (2) the ALJ failed to apply the appropriate legal standards in rejecting the opinions of treating

---

[4] The regulations define a medium exertional level of work as follows:
> Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. 404.1567(c).

[5] Plaintiff exhausted his administrative remedies before filing this action for judicial review.

psychiatrist Dr. Anupama Atluri; and, (3) the Appeals Council failed to adequately consider new and material evidence that was properly submitted with the request for review.

## Analysis

**The ALJ applied the proper legal standards at step three and the findings at this step are supported by substantial evidence.**

Plaintiff argued it was error for the ALJ to refuse to consider Listings 12.03 and 12.07, when the evidence in fact showed that he satisfied the Part A criteria of these listed impairments. Plaintiff also argued that in finding his mental impairment did not satisfy the Part B criteria of Listing 12.06, the ALJ ignored relevant evidence, and the isolated evidence on which she relied does not meet the substantial evidence test.

Review of the record as a whole demonstrates that this claim of error is without merit.

Listing 12.03 defines the criteria for a listed impairment designated as "Schizophrenic, Paranoid and Other Psychotic Disorders." Paragraph A of this listing is met if the evidence establishes:

> A. Medically documented persistence, either continuous or
>    intermittent, of one or more of the following:
> 1. Delusions or hallucinations; or
> 2. Catatonic or other grossly disorganized behavior; or
> 3. Incoherence, loosening of associations, illogical
>    thinking, or poverty of content of speech if
>    associated with one of the following:
>       a. Blunt affect; or
>       b. Flat affect; or

      c. Inappropriate affect;
 or
  4. Emotional withdrawal and/or isolation;

Listing 12.07 covers "Somatoform Disorders," which are defined as physical symptoms for which there are no demonstrable organic findings or known psychological mechanisms. The following are the paragraph A criteria of this listing:

  A. Medically documented by evidence of one of the
    following:
   1. A history of multiple physical symptoms of several
     years duration, beginning before age 30, that have
     caused the individual to take medicine frequently,
     see a physican often, and alter life patterns
     significantly; or
   2. Persistent nonorganic disturbance of one of the
     following:
     a. Vision; or
     b. Speech; or
     c. Hearing; or
     d. Use of a limb; or
     e. Movement and its control (e.g. coordination
       disturbance, psychogenic seizures, akinesia,
       dyskinesia; or; or
     f. Sensation (e.g., diminished of heightened).
   3. Unrealistic interpretation of physical signs or
     sensations associated with the preoccupation or
     belief that one has a serious disease or injury;

The record and the ALJ's decision reflect that the ALJ considered the plaintiff's argument regarding Listings 12.03 and 12.07. However, the ALJ found the argument was unsupported because neither Dr. Atluri nor any other medical source had ever diagnosed the plaintiff with somatoform disorder, schizophrenia or paranoia. Plaintiff did not point to any evidence in the record that shows he was ever diagnosed with these listed impairments. Nor did the plaintiff cite to objective evidence in the record that

demonstrates he meets the standards required to satisfy the Part A criteria of either listing.  Plaintiff cited to some evidence, but it is not apparent, and the plaintiff failed to articulate, how any of it met or was equivalent to the criteria required for the listed impairments of somatoform disorder or schizophrenia/paranoia.[6] Plaintiff, who has the burden to establish his disability at step three, cannot be found disabled under a listing unless he can demonstrate his impairments meet or equal each of the specified and required criteria of the listing at issue.[7]  The arguments and evidence relied on by the plaintiff fail to meet this burden, and substantial evidence supported the ALJ's conclusion the plaintiff was not disabled under Listing 12.03 or 12.07.

Moreover, the criteria found in paragraph A of the Listings for 12.03, 12.06 and 12.07 are only the first half of the inquiry. A claimant must also satisfy the requirements of paragraph B, which are stated in Listing 12.06 and are the same for the other two listed impairments.  Under this paragraph the impairment must result in at least two of the following:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or

---

[6] Record document number 9, Plaintiff's Memorandum in Support of Appeal, pp. 9-11.

[7] The step three determination is supported by substantial evidence when the claimant fails to carry his burden of identifying medical findings that support each of the listing's criteria. *See*, *Selders v. Sullivan*, 914 F.2d 614, 619-20 (5th Cir. 1990); *McCuller v. Barnhart*,72 Fed.Appx. 155 (5th Cir. 2003).

3. Marked difficulties in maintaining concentration,
persistence, or pace; or
4. Repeated episodes of decompensaton, each of extended
duration;

Although the ALJ found the evidence showed the plaintiff
satisfied the paragraph A criteria for Listing 12.06, she concluded
the requirements of paragraph B were not met. In making this
finding the ALJ did not adopt the check-marked statements of Dr.
Atluri in a form completed on January 25, 2012. The ALJ decided
not to credit these conclusory opinions because they were not
supported by the doctor's own treatment records and other evidence
of record, and her decision was supported by substantial evidence.
For example, Dr. Atluri answered "yes" to the question of whether
the plaintiff was unable to function independently outside of his
home. Dr. Atluri also put a check in the columns indicating that
the plaintiff had marked limitations in social functioning and the
ability to complete tasks in a timely manner, and was extremely
limited in his ability to complete a normal work day and work week
without significant interference from psychological-based
symptoms. AR pp. 406-09. Yet, as the ALJ pointed out in the
written decision, the evidence did not support these findings. The
record showed the plaintiff was able to drive, attend community
college full-time and achieve passing grades, obtain unemployment
benefits, actively seek employment, attend job interviews, take his
medication, and go to doctor appointments, counseling sessions, and
vocational rehabilitation. Plaintiff did not state during his

treatment or at the hearing that he was unable to do these things independently. This as well as other evidence contained in the record constitutes substantial evidence to support the ALJ's determination that the plaintiff's anxiety disorder did not reach the level of limitations required to satisfy paragraph B of Listing 12.06.[8]

**The ALJ applied the correct legal standards and did not improperly reject the opinions of plaintiff's treating psychiatrist.**

The legal principles governing the review of a claim that the ALJ erred in weighing the medical reports and opinions are well-established. Although the opinion and diagnosis of a treating physician should generally be given considerable weight in determining disability, it is well established that a treating

---

[8] See, e.g., AR pp. 46-51, 59, 62, 64-66, 70-71, 92-93, 347-49, 370-73, 389-393, 398, 399-404,411. The fact that the plaintiff can cite some evidence in these records that supports his argument, does not negate the fact that substantial evidence in the record as a whole sustains the ALJ's findings. Judicial review under § 405(g) does not require that all of the evidence support the ALJ's findings. Even if substantial evidence supports the claimant's position this is not a ground for reversal. As long as the finding or decision is supported by substantial evidence in the record as a whole it must be affirmed. § 405(g); *see*, *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972)(as long as there is substantial evidence to support the Commissioner's determination, the quantity of evidence submitted by the claimant is irrelevant in terms of judicial review)*; Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palomino v. Barnhart,* 515 F.Supp.2d 705, 710 (W.D. Tex. 2007), citing, *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact, Commissioner's decision upheld as long as there is substantial evidence to support it).

physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown. The ALJ may discount the weight of a treating doctor's medical opinion when it is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton*, 209 F.3d at 455-56. An ALJ is free to reject the medical opinion of any physician when the evidence supports a contrary conclusion. *Bradley*, 809 F.2d at 1057.

The regulations also state that when the ALJ finds the medical opinion is not entitled to controlling weight, certain factors should be considered in deciding how much weight to give the opinion. These factors include the length of treatment, the consistency of the opinion with the record as a whole, and the treating physician's specialization. 20 C.F.R. §§ 404.1527(c) and (d); SSR 96-2p;[9] *Newton*, 209 F.3d at 456. Nevertheless, the ALJ need not consider each of the factors where there is competing first-hand medical evidence and the ALJ finds that one doctor's opinion is more well-founded than another. *Id.,* at 458; *Walker v. Barnhart*, 158 Fed.Appx. 534 (5th Cir. 2005).

A medical source's opinions on some issues are not medical opinions, but are instead "opinions on issues reserved to the Commissioner because they are administrative findings that are

---

[9] TITLES II AND XVI: GIVING CONTROLLING WEIGHT TO TREATING SOURCE MEDICAL OPINIONS, 1996 WL 374188.

dispositive of a case; i.e. that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). Thus, a treating source's statement or opinion that the claimant is "disabled" or "unable to work," is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. The factors set out in the regulations apply only to medical opinions, not opinions reserved to the Commissioner. 20 C.F.R. § 404.1527(d)(1)-(3); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

Review of the ALJ's decision demonstrates that the ALJ complied with the applicable legal standards. Insofar as Dr. Alturi opined that the plaintiff was unable to work, this type of statement is not a medical opinion to which the regulatory factors should be applied, and under the regulations is given no special significance. 20 C.F.R. § 404.1527(d)(1)-(3). Furthermore, it is apparent from a review of the ALJ's opinion, that she gave a detailed summary of the evidence and Dr. Alturi's opinions, and provided a thorough explanation of why she did not credit those opinions. As the discussion and evidence cited above in the section addressing the claim of error at step three shows, the evidence/reasons cited by the ALJ constitute good cause and substantial evidence to support the finding that Dr. Alturi's opinions were inconsistent with her own treatment records and the other evidence contained the record as a whole. Based on the ALJ's

thorough analysis of the record, and the substantial evidence supporting her findings, to the extent the ALJ might not have considered some specific regulatory factor in assessing Dr. Alturi's opinions, the omission was harmless and did not affect the substantial rights of the plaintiff.[10]  Such an error provides no basis to reverse the ALJ's decision.

> **The Appeals Council did not commit error requiring remand based on a failure to properly consider the evidence submitted in connection with the plaintiff's request for review.**

Plaintiff argued that the Appeals Council erred by neglecting to appropriately consider and weigh the new and material evidence he submitted on appeal, and his claim should be remanded for this evidence to be properly evaluated.  Review of the record and the cases relied on by the plaintiff demonstrate that this claim of error is also without merit.

The administrative record includes two documents from Dr.

---

[10] Procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). Procedural improprieties "constitute a basis for remand only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988). Harmless error analysis applies when an ALJ fails to comply with a regulation. *See, Newton*, 209 F.3d at 459, citing, *Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir.1981); *Shave v. Apfel*, 238 F.3d 592, 596–597 (5th Cir.2001); *Frank*, 326 F.3d at 622.  An error is harmless unless there is reason to think that remand might lead to a different result. *Ellwood v. Astrue*  2009 WL 2526427, 3 (M.D.La., August 18, 2009).

Atluri - a letter dated June 19, 2012 and a progress noted dated June 13, 2012.  AR pp. 415-16.  This evidence is dated after the ALJ's decision and it was not before the ALJ when she issued her decision.   Review  of  the  Appeals  Council's  written  denial  of plaintiff's  request  for  review  shows  that  it  took  two  actions related to this additional medical evidence.  First, the Appeals Council looked at the records and found that they did not provide a  basis  for  changing  the  ALJ's  decision.    Second,  because  the records  are  dated  after  the  ALJ's  decision,  the  Appeals  Council also  returned  the  evidence  to  the  plaintiff  to  use  if  he  applied for benefits claiming he was disabled after April 20, 2012.  AR pp. 1-2.

Plaintiff essentially argued that the Appeals Council did not adequately consider the additional evidence because in its decision it simply stated that the information did not provide a basis for changing the ALJ's decision.

Plaintiff's  argument  is  unpersuasive.    In  *Higginbotham v. Barnhart*, the Fifth Circuit case cited by both the plaintiff and the Commissioner, the court noted that in considering a request for review, the Appeals Council is not required to engage in a detailed discussion of any additional evidence submitted.[11]  Thus, the fact that the Appeals Council did not cite or discuss information from the  new  records  does  not  demonstrate  a  lack  of  adequate

---

[11] 405 F.3d 332, 337-338, n. 1 (5th Cir.2005)

consideration.  Furthermore, the Appeals Council specifically stated in its decision that it looked at the medical records from Dr. Atluri, and in fact these records are included in the administrative record.  There is no basis in the record to conclude that the Appeals Council failed to properly consider and weigh this evidence.

Plaintiff also relied on the 1980 case of *Epps v. Harris*,[12] and a district court case from the Eleventh Circuit, *Culver v. Astrue*.[13] However, these cases are not controlling or persuasive.  *Culver* relies on dicta from *Epps*, where the court considered all the evidence, including additional evidence submitted to the Appeals Council, and found the final decision denying disability was not supported by substantial evidence.  In the context of this finding the court stated that the Appeals Council's perfunctory adherence to the ALJ's decision, without analyzing the additional evidence, established that the decision lacked substantial evidence.  Cases such as *Culver* in the Eleventh Circuit have interpreted *Epps* as requiring reversal and remand when the Appeals Council receives new evidence and claims to have considered it, but in its written denial does not demonstrate it adequately evaluated the evidence by offering some material basis for affirming the ALJ's decision.

---

[12] 624 F.2d 1267 (5th Cir. 1980).  *Epps* decided an appeal from a Florida district court.  Therefore, it became Eleventh Circuit precedent as of October 1, 1981.

[13] 924 F.Supp.2d 1295 (N.D.Ala. 2013).

However, in the recent Eleventh Circuit case *Mitchell v. Commissioner*[14] the court clarified that *Epps* and subsequent decisions do not establish a rule that reversal and remand are required when the Appeals Council receives additional evidence with the request for review and fails to provide a discussion of the new evidence submitted by the claimant. The court explained that *Epps* and the other cases from which the rule emerged involved other circumstances and facts that required reversal, not simply the fact that the Appeals Council did not discuss or analyze the additional evidence in its written denial. *Mitchell*, 771 F.3d at 782-85.

The Fifth Circuit in *Higginbotham* reversed, vacated and remanded the case to the district court - but not because the Appeals Council failed to properly consider the additional evidence. It reversed because on judicial review the district court declined to consider the additional evidence in the administrative record that was not before the ALJ, but which was submitted to the Appeals Council with the claimant's request for review. *Higginbotham*, 405 F.3d at 335, 338. The Fifth Circuit considered the statute and regulations and held that the "final decision of the Commissioner of Social Security" includes the Appeals Council's denial of a request for review. This is because the regulations provide that the Commissioner's decision does not become final until after the Appeals Council issues its decision on

---

[14] 771 F.3d 780 (11th Cir. 2014).

the claimants request for review.  Therefore, any evidence submitted for the first time to the Appeals Council with the request for review, which the Appeals Council considers and makes a part of the administrative record, is part of the record on appeal because the statute itself provides that such record includes the "evidence upon which the findings and decision complained of are based."

Accordingly, on judicial review the district court must consider the evidence submitted to the Appeals Council.  Stated another way, the district court's review of the Commissioner's final decision includes the Appeals Council's denial of the claimant's request for review, including any additional evidence considered and incorporated into the administrative record by the Appeals Council.  *Higginbotham*, 405 F.3d at 337.  In these circumstances, on judicial review the court reviews the record as a whole, including the additional evidence presented to the Appeals Council, to determine whether the Commissioner's findings are still supported by substantial evidence. *Higginbotham v. Barnhart*, 163 Fed.Appx. 270 (5th Cir. 2006); *Beck v. Barnhart*, 205 Fed.Appx. 207 n. 6 (5th Cir. 2006); *Banks v. Colvin*, 2014 WL 4660847 (M.D.La., Sept. 17, 2014).[15]

Here, considering the evidence as a whole, including the June

---

[15] Civil Action Number 13-189-JJB-RLB, record document number 15, Ruling adopting Magistrate Judge's Report and Recommendation.

2012 evidence from Dr. Atluri, substantial evidence still supports the Commissioner's final decision. Dr. Atluri statement that the plaintiff is unable to work was merely a restatement of the earlier opinion – an opinion which, under the regulations, is not considered a medical opinion. Other information in the letter and progress note provides additional to support for the ALJ's findings. For example, Dr. Atluri noted that no evidence of somatoform disorder had been seen since the initial evaluation. Dr. Atluri's most recent global assessment of functioning ("GAF") was 60.[16]  AR p. 415.  On June 13, 2012 Dr. Atluri reported the plaintiff was sleeping well, had no side effects from his medication, was alert and cooperative, and was not experiencing any audio-visual hallucinations or delusions. Plaintiff was instructed to follow up in four months.  AR p. 416.

In summary, review of the record as a whole, including the additional evidence dated after the ALJ's decision, demonstrates that (1) the Appeals Council did not fail to properly consider the additional evidence, and (2) the additional evidence did not change the conclusion that substantial evidence supported the Commissioner's findings.

---

[16] The GAF is a standard measurement scale used to rate an adult individual's overall functioning with respect to social, occupational, and physiological functioning.  A score of 60 indicates moderate symptoms, but is on the verge of some mild symptoms. *Boyd,* 239 F.3d at 700 n. 2 (5th Cir. 2001); *Henderson v.* Colvin, 520 Fed.Appx. 268 (5th Cir. 2013); *Vaughn v. Colvin,* 2014 WL 5303003 (5th Cir. Oct. 17, 2014).

**The ALJ's finding at the fifth step is supported by substantial evidence.**

After the ALJ determined the plaintiff's RFC and found at step four that the limitations caused by the plaintiff's impairments prevented him from doing any past relevant work, the ALJ correctly obtained vocational testimony to determine whether there was other work the plaintiff could do.[17]   In response to the questions presented at the hearing, which fairly incorporated all of the plaintiff's limitations recognized by the ALJ, vocational expert Charles Smith stated that, given the plaintiff's age, education, work experience and RFC, there were jobs existing in significant numbers in the national economy that the plaintiff would be able to perform – price marker and laundry worker.   This vocational evidence constitutes substantial evidence to support the ALJ's finding at the fifth step that the plaintiff is not disabled because he can perform other work existing in significant numbers in the national economy.[18]

---

[17] The ALJ's RFC finding included nonexertional limitations. It is well established that if a claimant has nonexertional limitations the ALJ uses the Medical-Vocational Guidelines only as a framework, and is required to obtain vocational expert testimony to support his findings at step five of the disability analysis. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*, 58 F.3d 129, 132 (5th Cir. 1995).

[18] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having
(continued...)

## Conclusion

The analysis above demonstrates that the plaintiff's claims of error in the Commissioner's final decision are without merit. The record considered as a whole supports the conclusion that the proper legal standards were applied and that substantial evidence supports the determination that the plaintiff is not disabled.

## <u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of Acting Commissioner of Social Security Carolyn W. Colvin denying the application for disability income benefits filed by plaintiff Lance Jones be affirmed, and this action be dismissed.

Baton Rouge, Louisiana, March 4, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[18](...continued)
requirements which the claimant is able to meet with his physical or mental abilities and qualifications. It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work. However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy. 20 C.F.R. §§ 404.1566(a).